1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | ) ) ) ) |
|  | ) |
| This Document Relates to: | ) ) |
| ALL ACTIONS. | ) ) ) |

No.:  M-07-5944 SC

MDL NO. 1917

**STIPULATED PROTECTIVE ORDER**

### 1.    PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the

1  procedures that must be followed and reflects the standards that will be applied when a party

2  seeks permission from the Court to file material under seal, and is hereby incorporated by

3  reference.

4  **2.    DEFINITIONS.**

5  2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, and

6  employees.

7  2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

8  the medium or manner generated, stored, or maintained (including, among other things,

9  documents, testimony, transcripts, or tangible things) that are produced or generated in

10  disclosures or responses to discovery in this matter.

11  2.3    <u>Confidential Information or Items</u>:  information (regardless of how

12  generated, stored or maintained) or tangible things that qualify for protection under standards

13  developed under Fed.R.Civ.P. 26(c).

14  2.4    <u>Highly Confidential Information or Items</u>:  extremely sensitive

15  Confidential Information or Items whose disclosure to another Party or non-party would create

16  a substantial risk of injury that could not be avoided by less restrictive means.

17  2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

18  from a Producing Party.

19  2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

20  Discovery Material in this action.

21  2.7.    <u>Designating Party</u>:  a Party or non-party that designates information or

22  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

23  Confidential."

24  2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

25  designated as "Confidential" or as "Highly Confidential."

26  2.9.    <u>Outside Counsel</u>:  attorneys, along with their paralegals, and other

27  support personnel, who are not employees of a Party but who are retained to represent or advise

28  a Party in this action.

STIPULATED PROTECTIVE ORDER

1          2.10    <u>In House Legal Personnel</u>:  attorneys and other personnel employed by a

2    Party to perform legal functions who are responsible for overseeing this litigation for the Party.

3          2.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and In House Legal

4    Personnel (as well as their support staffs, including but not limited to attorneys, paralegals,

5    secretaries, law clerks, and investigators).

6          2.12    <u>Expert and/or Consultant</u>:  a person with specialized knowledge or

7    experience in a matter pertinent to the litigation, along with his or her employees and support

8    personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a

9    consultant in this action, and who is not currently an employee, nor has been an employee

10    within eighteen months of the date of entry of this Order, of a Party or of a  Cathode Ray Tube

11    "CRT" business unit of a non-party, and who, at the time of retention, is not anticipated to

12    become an employee of a Party or of a CRT business unit of a non-party.  This definition

13    includes a professional jury or trial consultant retained in connection with this litigation.

14          2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support

15    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

16    organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and

17    subcontractors.

18          **3.    SCOPE.**

19          The protections conferred by this Stipulated Protective Order cover not only

20    Protected Material (as defined above), but also any information copied or extracted therefrom,

21    as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

22    conversations, or presentations by Parties or Counsel in settings that might reveal Protected

23    Material.  However, this Order shall not be construed to cause any Counsel to produce, return,

24    and/or destroy their own attorney work product, or the work product of their co-counsel.

25          **4.    DURATION.**

26          The confidentiality obligations imposed by this Order shall remain in effect until

27    the Designating Party agrees otherwise in writing or this Court orders otherwise.

28

STIPULATED PROTECTIVE ORDER

**5.    DESIGNATING PROTECTED MATERIAL.**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may notify all Parties, in writing, of the error and identifying (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material.

4

1    (b)    <u>for testimony given in deposition</u>, that a Party, or a non-party that

2    sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony

3    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the record before

4    the deposition is concluded, or in writing within thirty (30) days after the final transcript

5    is received.  Only those portions of the testimony that are designated for protection in

6    accordance with the preceding sentence shall be covered by the provisions of this

7    Stipulated Protective Order.  The entire testimony shall be deemed to have been

8    designated Highly Confidential until the time within which the transcript may be

9    designated has elapsed.  If testimony is not designated within the prescribed time period,

10    then such testimony shall not be deemed Confidential or Highly Confidential except as

11    ordered by the Court.

12    Transcript pages containing Protected Material must be separately bound by the

13    court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

14    "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty sponsoring,

15    offering, giving or eliciting the witness' testimony.

16    (c)    <u>for information produced in electronic or video format, and for any other</u>

17    <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

18    container or containers in which the information or item is stored the legend

19    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

20    5.3    <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to

21    designate qualified information or items as "Confidential" or "Highly Confidential" does not,

22    standing alone, waive the Designating Party's right to secure protection under this Order for

23    such material.  If material is re-designated as "Confidential" or "Highly Confidential" after the

24    material was initially produced, the Receiving Party, upon notification of the designation, must

25    make reasonable efforts to assure that the material is treated in accordance with the provisions

26    of this Order.

27    5.4    <u>Increasing the Designation of Information or Items Produced by Other</u>

28    <u>Parties or Non-Parties</u>.  Subject to the standards of paragraph 5.1, a Party may increase the

STIPULATED PROTECTIVE ORDER

1  designation (*i.e.*, change any Disclosure or Discovery Material produced without a designation

2  to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any

3  Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of

4  "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or

5  non-Party, provided that said Discovery Material contains the upward Designating Party's own

6  Confidential or Highly Confidential Information.  Any such increase in the designation of a

7  document shall be made within 90 days of the date of its production, unless good cause is

8  shown for a later increase in the designation.

9           Increasing a designation shall be accomplished by providing written notice to all

10  Parties identifying (by bates number or other individually identifiable information) the

11  Disclosure or Discovery Material whose designation is to be increased.  Promptly after

12  providing such notice, the upward Designating Party shall provide re-labeled copies of the

13  material to each Receiving Party reflecting the change in designation.  The Receiving Party will

14  replace the incorrectly designated material with the newly designated materials and will destroy

15  the incorrectly designated materials.  Any Party may object to the increased designation of

16  Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding

17  challenging designations.  The upward Designating Party shall bear the burden of establishing

18  the basis for the increased designation.

19           **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

20           6.1     <u>Timing of Challenges</u>.  A Party does not waive its right to challenge a

21  confidentiality designation by electing not to mount a challenge promptly after the original

22  designation is disclosed.

23           6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

24  Designating Party's confidentiality designation must do so in good faith and must begin the

25  process by notifying the Designating Party in writing, by telephone or in person of its challenge

26  and identify the challenged material, then conferring directly in voice to voice dialogue (other

27  forms of communication are not sufficient) with counsel for the Designating Party.  The Parties

28  must then meet and confer in good faith.  Each Party must explain the basis for its respective

STIPULATED PROTECTIVE ORDER

1    position about the propriety of the challenged confidentiality designations.  The parties shall

2    have fourteen (14) days from the initial notification of a challenge to complete this meet and

3    confer process.

4           6.3    Judicial Intervention.  In any judicial proceeding challenging a

5    confidentiality designation, the burden of persuasion with respect to the propriety of the

6    confidentiality designation shall remain upon the Designating Party.  If the parties are not able

7    to resolve a dispute about a confidentiality designation within the time provided in paragraph

8    6.2, above, the parties shall, within fourteen (14) days thereafter, prepare and present to the

9    Special Master a joint letter brief that identifies the challenged material and sets forth the

10   respective positions of the parties about the propriety of the challenged confidentiality

11   designations.  Until the ruling on the dispute becomes final, all parties shall continue to afford

12   the material in question the level of protection to which it is entitled under the Designating

13   Party's designation.

14          In the event that the final ruling is that the challenged material is not confidential

15   or that its designation should be changed, the Designating Party shall reproduce copies of all

16   materials with their designations removed or changed in accordance with the ruling within

17   thirty (30) days at the expense of the Designating Party.

18          **7.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

19          7.1    Basic Principles.  A Receiving Party may use Protected Material that is

20   disclosed or produced by a Producing Party only in connection with this action for prosecuting,

21   defending, or attempting to settle this action.  Such Protected Material may be disclosed only to

22   the categories of persons and under the conditions described in this Order.  When the litigation

23   has been terminated, a Receiving Party must comply with the provisions of section 11, below

24   (FINAL DISPOSITION).

25          Protected Material must be stored and maintained by a Receiving Party at a

26   location and in a secure manner that ensures that access is limited to the persons authorized

27   under this Order.  For purposes of this Order, a secure website, or other internet-based

28   document depository with adequate security, shall be deemed a secure location.

7

STIPULATED PROTECTIVE ORDER

1        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless

2 otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

3 Party may disclose any information or item designated "CONFIDENTIAL" only to:

4        (a)    the Receiving Party's Outside Counsel of record in this action, as well as

5 employees of said counsel to whom it is reasonably necessary to disclose the

6 information for this litigation;

7        (b)    current or former officers, directors, and employees of Parties to whom

8 disclosure is reasonably necessary for this litigation and who have signed the

9 "Agreement To Be Bound by Protective Order" (Exhibit A);

10        (c)    Experts and/or Consultants with respect to each of whom (1) disclosure

11 is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

12 Protective Order" (Exhibit A) has been signed;

13        (d)    the Court and its personnel;

14        (e)    stenographers, their staffs, and professional vendors to whom disclosure

15 is reasonably necessary for this litigation and who have signed the "Agreement To Be

16 Bound by Protective Order" (Exhibit A);

17        (f)    the author, addressees, or recipients of the document, or any other

18 natural person who would have likely reviewed such document during his or her

19 employment as a result of the substantive nature of his or her employment position, or

20 who is specifically identified in the document, or whose conduct is purported to be

21 specifically identified in the document;

22        (g)    witnesses in the action to whom disclosure is reasonably necessary for

23 this litigation and who have signed the "Agreement To Be Bound by Protective Order"

24 (Exhibit A); provided that, Confidential Information may be disclosed to a witness

25 during their deposition, but only if they have executed the "Agreement to Be Bound by

26 Protective Order" (Exhibit A), which shall be made an exhibit to the deposition

27 transcript, or have agreed on the record to keep the information confidential and not to

28 use it for any purpose, or have been ordered to do so; and provided further that, pages of

STIPULATED PROTECTIVE ORDER

1    transcribed deposition testimony or exhibits to depositions that reveal Confidential

2    Information must be marked "Confidential" and separately bound by the court reporter

3    and not included in the main deposition transcript and exhibit binder, and may not be

4    disclosed to anyone except as permitted under this Stipulated Protective Order; and

5            (h)    any other person to whom the Designating Party agrees in writing or on

6    the record, and any other person to whom the Court compels access to the Confidential

7    Information.

8            7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>.

9    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

10    Receiving Party may disclose any information or item designated "HIGHLY

11    CONFIDENTIAL" only to:

12            (a)    the Receiving Party's Outside Counsel of record in this action, as well as

13    employees of said counsel to whom it is reasonably necessary to disclose the

14    information for this litigation;

15            (b)    Experts and/or Consultants with respect to each of whom (1) disclosure

16    is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

17    Protective Order" (Exhibit A) has been signed;

18            (c)    the Court and its personnel;

19            (d)    stenographers, their staffs, and professional vendors to whom disclosure

20    is reasonably necessary for this litigation and who have signed the "Agreement to Be

21    Bound by Protective Order" (Exhibit A);

22            (e)    the author, addressees or recipients of the document, the Designating

23    Party's employees who were employed by the Designating Party at the time the

24    document was authored, or any other natural person who is specifically identified in the

25    document, or whose conduct is purported to be specifically identified in the document;

26            (f)    any other person to whom the Designating Party agrees in writing or on

27    the record, and any other person to whom the Court compels access to the Highly

28    Confidential Information.

STIPULATED PROTECTIVE ORDER

7.4     <u>Retention of Exhibit A</u>.  Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.5     <u>Retention of Protected Material</u>.  Persons who have been shown Protected Material pursuant to Section 7.2(b), (f), or (g), or Section 7.3(e) or (f) shall not retain copies of such Protected Material.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation or proceedings that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential or highly confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

STIPULATED PROTECTIVE ORDER

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.    FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts (other than transcripts of deposition or other  witness

STIPULATED PROTECTIVE ORDER

1    testimony) legal memoranda, correspondence or attorney work product, even if such materials

2    contain Protected Material.  Any such archival copies that contain or constitute Protected

3    Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    INADVERTENTLY PRODUCED DOCUMENTS**.

5                   If a Party at any time notifies any other Party that it inadvertently produced

6    documents, testimony, information, and/or things that are protected from disclosure under the

7    attorney-client privilege, work product doctrine, and/or any other applicable privilege or

8    immunity from disclosure, or the Receiving Party discovers such inadvertent production, the

9    inadvertent production shall not be deemed a waiver of the applicable privilege or protection.

10   The Receiving Party shall immediately return all copies of such documents, testimony,

11   information and/or things to the inadvertently producing Party and shall not use such items for

12   any purpose until further order of the Court.  In all events, such return must occur within three

13   (3) business days of receipt of notice or discovery of the inadvertent production.  The return of

14   any discovery item to the inadvertently producing Party shall not in any way preclude the

15   Receiving Party from moving the Court for a ruling that the document or thing was never

16   privileged.

**13.    ATTORNEY RENDERING ADVICE.**

18                  Nothing in this Protective Order will bar or otherwise restrict an attorney from

19   rendering advice to his or her client with respect to this matter or from relying upon or generally

20   referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or Discovery

21   Material in rendering such advice; provided however, that in rendering such advice or in

22   otherwise communicating with his or her client, the attorney shall not reveal or disclose the

23   specific content thereof if such disclosure is not otherwise permitted under this Protective

24   Order.

**14.    DISPOSITIVE MOTION HEARINGS AND TRIAL.**

26                  The terms of this Protective Order shall govern in all circumstances except for

27   presentations of evidence and argument at hearings on dispositive motions and at trial.  The

28

STIPULATED PROTECTIVE ORDER

1   parties shall meet and confer in advance of such proceedings and seek the guidance of the Court

2   as to appropriate procedures to govern such proceedings.

3              **15.    MISCELLANEOUS.**

4              15.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

5   person to seek its modification by the Court in the future.

6              15.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

7   Protective Order no Party waives any right it otherwise would have to object to disclosing or

8   producing any information or item on any ground not addressed in this Stipulated Protective

9   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

10  the material covered by this Protective Order.

11             **IT IS SO STIPULATED.**

12  DATED:  June 11, 2008              By:___/s/ Guido Saveri_____
                                       GUIDO SAVERI Bar No. 22349
13                                     guido@saveri.com
                                       SAVERI & SAVERI INC.
14                                     111 Pine Street, Suite 1700
                                       San Francisco, CA 94111-5619
15                                     Telephone: (415) 217-6810
                                       Facsimile: (415) 217-6813
16

17                                     *Interim Lead Counsel for the Direct Purchaser*
                                       *Plaintiffs*
18

19                                     By:___/s/ Mario Alioto_____
                                       MARIO N. ALIOTO Bar No. 56433
20                                     malioto@tatp.com
                                       TRUMP, ALIOTO TRUMP & PRESCOTT LLP
21                                     2280 Union Street
                                       San Francisco, CA 94123
22                                     Telephone: (415) 563-7200
                                       Facsimile: (415) 346-0679
23

24                                     *Interim Lead Counsel for the Indirect Purchaser*
                                       *Plaintiffs*

25

26

27

28

STIPULATED PROTECTIVE ORDER

1    By:   /s/ Gary Halling
     GARY L. HALLING, Bar No. 66087
2    ghalling@sheppardmullin.com
     JAMES L. MCGINNIS, Bar No. 95788
3    jmcginnis@sheppardmullin.com
     MICHAEL SCARBOROUGH, Bar No. 203524
4    mscarborough@sheppardmullin.com
     SHEPPARD, MULLIN, RICHTER &
5    HAMPTON LLP
     Four Embarcadero Center, 17th Floor
6    San Francisco, California 94111-4109
     Telephone: 415-434-9100
7    Facsimile: 415-434-3947

8    Attorneys for Defendants
     SAMSUNG SDI AMERICA, INC.
9    and SAMSUNG SDI CO., LTD.

10   By:   /s/ Jeffrey L. Kessler
     JEFFREY L. KESSLER (pro hac vice)
11   Email: jkessler@dl.com
     A. PAUL VICTOR (pro hac vice)
12   Email: pvictor@dl.com
     EVA W. COLE (pro hac vice)
13   Email : ecole@dl.com
     DEWEY & LEBOEUF LLP
14   1301 Avenue of the Americas
     New York, NY 10019
15   Telephone: (212) 259-8000
     Facsimile: (212) 259-7013

16

17   STEVEN A. REISS (pro hac vice)
     Email: steven.reiss@weil.com
18   DAVID L. YOHAI (pro hac vice)
     Email: david.yohai@weil.com
19   ALAN R. FEIGENBAUM (pro hac vice)
     WEIL, GOTSHAL & MANGES LLP
20   767 Fifth Avenue
     New York, New York 10153-0119
21   Telephone:  (212) 310-8000
     Facsimile:  (212) 310-8007

22   GREGORY D. HULL (57367)
     Email: greg.hull@weil.com
23   JOSEPH R. WETZEL (238008)
     Email: joseph.wetzel@weil.com
24   WEIL, GOTSHAL & MANGES LLP
     201 Redwood Shores Parkway
25   Redwood Shores, California 94065-1175
     Telephone: (650) 802-3000
26   Facsimile: (650) 802-3100

27   Attorneys for Defendants Panasonic Corporation
     of North America and MT Picture Display
28   Corporation of America (NY) (defunct)

14

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:____/s/ Samuel Miller_____
SAMUEL R. MILLER
Email: srmiller@sidley.com
RYAN SANDROCK
Email: rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone : (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Defendants LG Electronics, Inc.
and LG Electronics USA, Inc.

By:____/s/ Curt Holbreich_____
CURT HOLBREICH
Email: curt.holbreich@klgates.com
KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone : (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendant TPV International
(USA), Inc.

By:____/s/ Michael Lazerwitz_____
MICHAEL R. LAZERWITZ (pro hac vice)
Email: mlazerwitz@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
2000 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone:  (202) 974-1679
Facsimile:  (202) 974-1999

Attorneys for Defendant LP Displays
International Ltd.

By:____/s/ Anthony Viola_____
ANTHONY J. VIOLA (pro hac vice)
Email: aviola@eapdlaw.com
BARRY BENDES (pro hac vice)
Email: bbendes@eapdlaw.com
JOSEPH CZERNIAWSKI (pro hac vice)
Email: jczerniawski@eapdlaw.com
EDWARDS ANGELL PALMER & DODGE
LLP
750 Lexington Avenue
New York, NY 10022
Telephone: (212) 308-4411
Facsimile: (212) 308-4844

15

STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | DAVID W. EVANS |
| | Email: devans@hbblaw.com |
| 2 | HAIGHT BROWN & BONESTEEL LLP |
| | 71 Stevenson Street, 20th Floor |
| 3 | San Francisco, CA  94105-2981 |
| | Telephone: (415) 546-7500 |
| 4 | Facsimile: (415) 546-7505 |
| 5 | Attorneys for Defendant Orion America, Inc. |
| 6 | |
| 7 | By:___/s/ Ethan Litwin_____ |
| | ETHAN E. LITWIN   (pro hac vice) |
| | Email: LitwinE@howrey.com |
| 8 | HOWREY LLP |
| | 153 East 53rd Street, 54th Floor |
| 9 | New York, NY 10022 |
| | Telephone: (212) 896-6500 |
| 10 | Facsimile: (212) 896-6501 |
| 11 | JOSEPH A. OSTOYICH (pro hac vice) |
| | Email: OstoyichJ@howrey.com |
| 12 | HOWREY LLP |
| | 1299 Pennsylvania Avenue, N.W. |
| 13 | Washington, D.C. 20004-2402 |
| | Telephone: (202) 783-0800 |
| 14 | Facsimile: (202) 383-6610 |
| 15 | Attorneys for Defendant Philips Electronics |
| | North America Corporation |
| 16 | |
| 17 | By:___/s/ Kent Roger_____ |
| | KENT ROGER |
| 18 | Email: kroger@morganlewis.com |
| | CHRISTINE SAFRENO |
| 19 | Email : csafreno@morganlewis.com |
| | JONATHAN M. DEGOOYER |
| 20 | Email : jdegooyer@morganlewis.com |
| | MORGAN LEWIS & BOCKIUS LLP |
| 21 | One Market, Spear Street Tower |
| | San Francisco, CA 94105-1596 |
| 22 | Telephone: (415) 442-1000 |
| | Facsimile: (415) 442-1001 |
| 23 | |
| | Attorneys for Defendant Hitachi America, Ltd. |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

STIPULATED PROTECTIVE ORDER

1

By:___/s/ Christopher Curran_____
CHRISTOPHER M. CURRAN (pro hac vice)

2

Email: ccurran@whitecase.com
GEORGE L. PAUL (pro hac vice)

3

Email: gpaul@whitecase.com
LUCIUS B. LAU (pro hac vice)

4

Email: alau@whitecase.com
WHITE & CASE LLP

5

701 Thirteenth Street, N.W.
Washington, D.C.  20005

6

Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

7

8

Counsel to Defendants Toshiba America, Inc.,
Toshiba America Information Systems, Inc.,
Toshiba America Consumer Products, L.L.C.,

9

and Toshiba America Electronic Components,
Inc.

10

11

By:___/s/ Bruce H. Jackson_____
Bruce H. Jackson (State Bar No. 98118)

12

  (bruce.h.jackson@bakernet.com)
Robert W. Tarun (State Bar No. 64881)

13

  (robert.w.tarun@bakernet.com)
Nancy C. Allred (State Bar No. 245736)

14

  (nancy.c.allred@bakernet.com)
BAKER & MCKENZIE LLP

15

Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802

16

Telephone:   +1 415 576 3000
Facsimile:     +1 415 576 3099

17

18

Patrick J. Ahern (pro hac vice)
  (patrick.j.ahern@bakernet.com)
Roxane C. Busey (pro hac vice)

19

  (roxane.c.busey@bakernet.com)
Karen Sewell (pro hac vice)

20

  (karen.sewell@bakernet.com)
BAKER & MCKENZIE LLP

21

130 E. Randolph Dr., Suite 3500
Chicago, IL 60601

22

Telephone:   +1 312 861 8000

23

Attorneys for Tatung Company of America, Inc.

24

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26

27

DATED:_  6/18/08  _____

_____
Hon. Samuel Conti

28

United States District Judge

17

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of

_____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California, San Francisco Division, in the case of In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, No.: M-07-5944 SC, MDL No. 1917.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____

Crt.060

18

STIPULATED PROTECTIVE ORDER